UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBIN BURGESS,

          Plaintiff,

    v.

COUNTY OF MADERA,

          Defendant,

Case No.  1:25-cv-00324-JLT-HBK

ORDER DENYING PROPOSED STIPULATED PROTECTIVE ORDER WITHOUT PREJUDICE

(Doc. 20).

Pending before the Court is the parties' request for approval of the proposed stipulated protective order filed on May 26, 2026.  (Doc. 20).   The Court denies the request, without prejudice, because the proposed protective order does not comply with the Court's Local Rules.

More specifically, the proposed protective order does not define with sufficient specificity what materials are protected.  The term "CONFIDENTIAL" is defined as "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Rule 26(c) of the Federal Rule of Civil.  (Doc. 20 at ¶ 2.3).  Similarly, "Protected Material" is defined as "any Disclosure or Discovery Material that is designated as "CONFIDENTIAL.'"  (*Id*. at ¶ 2.15).

This language is too broad and does not comply with the Local Rules.  Eastern District of California Local Rule 141.1(c) requires that every proposed protective order contain:

A description of the types of information eligible for protection under the order, **with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child)**; (2) [a] showing of particularized need for protection as to each category of information proposed to be covered by the order; and (3) [a] showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties." (Paragraph breaks omitted.)

Eastern District of California Local Rule 141.1(c) (emphasis added). Although the Good Cause Statement appears to identify some types of information eligible for protection, such as "private medical information," it also contains overly broad terms such as "propriety information," and catchall phrases such as "among other things." (Doc. 20 at ¶ 1.2).

As a result, the proposed protective order fails to comply with Local Rule 141.1(c). The parties have included catchall descriptions that prevent the Court from discerning "the types of information" or "nature of the information" sought to be protected under Local Rule 141.1(c)(1). In addition, the parties also have not made a showing of particularized need for protection as to each category of information or explained why a court order, as opposed to a private agreement between the parties, is necessary. *Id*.

Accordingly, it is **ORDERED**:

The parties' request for approval of the proposed stipulated protective order (Doc. 20) is DENIED without prejudice to refiling a stipulated protective order that complies with Local Rule 141.1(c).

Dated:   June 1, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2